TODD BLANCHE
~~Acting~~ Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Chief, Major Crimes Section
HAOXIAOHAN H. CAI (Cal. Bar No. 331131)
Major Frauds Section
Assistant United States Attorneys
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6495/0762
Facsimile: (213) 894-0141
E-mail: kevin.butler2@usdoj.gov
haoxiaohan.cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO GRILLO,<br><br>Defendant. | No. CR 26-00146-GW<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>CURRENT TRIAL DATE: 10/27/26<br>PROPOSED TRIAL DATE: 04/06/27 |

Plaintiff United States of America, by and through its counsel of record, the Acting Attorney General and Assistant United States Attorneys Haoxiaohan H. Cai and Kevin J. Butler, and defendant LEO GRILLO ("defendant"), both individually and by and through his counsel of record, James E. Blatt, hereby stipulate as follows:

1. The Indictment in this case was filed on March 13, 2026. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on March 4, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 22, 2026.

2. On March 23, 2026, the Court set a trial date of May 5, 2026.

3. On April 14, 2026, on the stipulation of the parties, the Court continued the trial date to October 27, 2026, and excluded the time period of April 12, 2026, to October 27, 2026, inclusive, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv). (Dkt. 26.)

4. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

5. By this stipulation, defendant moves to continue the trial date from October 27, 2026 to April 6, 2027. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 18 U.S.C. §§ 1201(a)(1), (d): Attempted Kidnapping. The government has produced discovery to the defense, including hundreds of pages of reports, criminal history information, multiple audio files, video files, and the contents of defendant's cell phones. The government has produced additional documents, to include defendant's communications and emails while in custody.

b. Defense counsel represents that defendant's medical condition has materially limited the length and productivity of his in-custody meetings with counsel, and that additional time is

therefore necessary to review discovery with defendant, to obtain defendant's input on pretrial and trial decisions, and to prepare the case for trial.

c. Defense counsel is presently scheduled to be in the following trials:

i. United States v. Riley, et. al, Case # 2:25-CR-00380-VAP. Mr. Blatt represents defendant Kenneth Holley in this two defendant case. Both defendants are charged with Conspiracy to Commit Kidnapping and Kidnapping and Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery. Jury trial is starting on September 22, 2026. Trial estimate is five days.

ii. People v. Ray Villanueva, Ventura County Superior Court Case Number 2024032095, defendant is charged with Bribery of an Official along with a co-defendant. The matter is set for jury trial on October 1, 2026. The trial is expected to start within 30 days of that date.

d. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare nor be available to try this case on the current trial date.

e. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

g. The government does not object to the continuance.

h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 27, 2026, to April 6, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 21, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/

HAOXIAOHAN H. CAI
KEVIN J. BUTLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am LEO GRILLO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 6, 2027 is an informed and voluntary one.

JAMES E. BLATT
Attorney for Defendant
LEO GRILLO

Date: 10-1-26

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 6, 2027.

LEO GRILLO
Defendant

Date: 10/1/26